IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-01339-PAB-KLM

JAMES HIGBY,

    Plaintiff,

v.

DEAN WILLIAMS, Executive Director of the Colorado Department of Corrections, and OFFENDER SERVICES MOVE COMMITTEE (C.D.O.C) HEADQUARTERS,

    Defendants.

## ORDER

This matter is before the Court on plaintiff's Motion for Preliminary Injunction [Docket No. 26] and Order to Show Cause Why This Preliminary Injunction Should Not Issue [Docket No. 27].[1] Plaintiff seeks a preliminary injunction to maintain the status quo during this litigation[2] and prevent the Colorado Department of Corrections ("CDOC") from transferring plaintiff out of the Residential Treatment Program ("RTP") at the Centennial Correctional Facility ("CCF"), where he is currently incarcerated. Docket Nos. 26 at 1; 19 at 10. Defendant Dean Williams ("Williams") has filed a response

---

[1] The Court must construe the motions liberally because plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a pro se litigant. *See Hall*, 935 F.2d at 1110.

[2] Although plaintiff at one point suggests that he seeks an injunction only until the Court has resolved any motions to dismiss, s*ee* Docket No. 26 at 1 ("[p]laintiff . . . is filing a motion for a preliminary injunction . . . to ensure the future safety of the plaintiff until the determination of the 'motion to dismiss' on the prisoners [sic] complaint."), the Court will construe plaintiff's motion as seeking to preserve the status quo throughout the entire case.

opposing the motion. Docket No. 47. The Court gave plaintiff until January 19, 2021 to file a reply, which he has not done. *See* Docket No. 48. Judge Lewis T. Babcock previously denied a motion for a preliminary injunction filed by plaintiff in this case seeking substantially similar relief. Docket No. 13. Judge Babcock held that plaintiff's allegations of possible future harm were insufficient to show a likelihood of irreparable harm. *Id.* at 3.

## I. BACKGROUND

Williams was the executive director of the CDOC at the time of the conduct that gave rise to this case. Docket No. 19 at 2. Plaintiff alleges the following facts as the basis for his complaint: that on or about December 16, 2018, plaintiff was assaulted by another inmate at the Buena Vista Correctional Facility ("BVCF"), where he was incarcerated. *Id.* at 4. The assailant threatened that, if plaintiff reported him to CDOC staff, other inmates would further assault plaintiff. *Id.* Accordingly, plaintiff did not report the assault, but a week later CDOC staff noticed bruises on plaintiff, conducted an examination of him, and placed plaintiff in restrictive housing for his safety. *Id.* at 4-5. Approximately a week later, plaintiff was transferred to the Territorial Correctional Facility in Cañon City, and then, on January 31, 2019, he was transferred to the Bent County Correctional Facility. *Id. at 5.* Fearing further assault, plaintiff refused a cell in general population and was placed in segregation, where he twice attempted suicide. *Id.* After this, plaintiff was transferred to the RTP at CCF. *Id.*

Plaintiff alleges that Williams created unsafe living conditions throughout CDOC by housing vulnerable inmates with violent inmates. *Id.* at 7. Plaintiff's amended

complaint brings a claim for unsafe living conditions for vulnerable inmates (who he defines as the mentally ill, sex-offenders, LGBT inmates, and non-violent, non-political inmates) in violation of the Eighth Amendment and seeks injunctive relief to protect them.  Docket No. 19 at 4, 7, 17.  Plaintiff seeks an injunction that forces Williams to create a policy requiring the classification committee to screen out violent prisoners and house them separately from non-violent prisoners.  *Id.* at 13.  Plaintiff does not seek a change to the current classification system, but rather the addition of a non-violent designation at all custody levels.  *Id.* at 13-15.  He also does not seek relief specific to the RTP at CCF.  *See id.* at 23.

Plaintiff asks the Court to take judicial notice of the fact that where he is currently housed, the RTP at CCF, is typically non-violent because it does not include violent prisoners.  *Id.* at 10.

On September 23, 2020, plaintiff filed a motion for a preliminary injunction to prevent CDOC from transferring him out of the RTP during this case.  Docket No. 26 at 1.  The preliminary injunction states that "the entire scope of the injunctive relief requested in the prisoner complaint" is to have "Williams enact a change in CDOC policy, therefore resulting in the separation of the two group-class [sic] of prisoners."  *Id.* at 5.  Plaintiff believes that he will soon be transferred out of the RTP because his program completion date is approaching.  *Id.* at 12.  Plaintiff argues that he will be subject to irreparable harm if he is transferred out of the RTP because he will be targeted for violence by other inmates due to his allegations in this case.  *Id.* at 13.

## II. LEGAL STANDARD – PRELIMINARY INJUNCTION

A preliminary injunction is not meant to "remedy past harm but to protect plaintiffs from irreparable injury that will surely result without [its] issuance" and "preserve the relative positions of the parties until a trial on the merits can be held." *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258, 1267 (10th Cir. 2005); *see also Hale v. Ashcroft*, 683 F. Supp. 2d 1189, 1197 (D. Colo. 2009) ("injunctive relief can only be obtained for current or prospective injury and cannot be conditioned on a past injury that has already been remedied"). "[C]ourts generally will refuse to grant injunctive relief unless plaintiff demonstrates that there is no adequate legal remedy." Charles Alan Wright et al., 11A Fed. Prac. & Proc. Civ. § 2944 (4th ed. 2020).

To obtain a preliminary injunction, a plaintiff must demonstrate four factors by a preponderance of the evidence: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest. *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009). "[B]ecause a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Beltronics USA, Inc. v. Midwest Inventory Distrib., LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009).

The Court assumes that the harm plaintiff asserts – bodily injury while being incarcerated as a prisoner – could give rise to a violation of the Eighth Amendment. *See* Wright et al., 11A Fed. Prac. & Proc. Civ. § 2948.1 ("When an alleged deprivation of a constitutional right is involved . . . most courts hold that no further showing of

4

irreparable injury is necessary."). However, the alleged injury must be "so imminent that there is a clear and present need to prevent it." *Parker v. Ritter*, No. 08-cv-00737-MSK-KLM, 2009 WL 367767, at *3 (D. Colo. Feb. 13, 2009) (citing *Schrier*, 427 F.3d at 1267). Injunctive relief is inappropriate to protect against "an injury that is merely feared to be suffered at some indefinite future date." *Id.* (citing *Connecticut v. Massachusetts*, 282 U.S. 660, 674 (1931)).

Moreover, the moving party "must establish 'a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.'" *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010) (quoting *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)); *see also Alabama v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, 1134 (11th Cir. 2005) ("injunctive relief must relate in some fashion to the relief requested in the complaint"). A court cannot enter a preliminary injunction where the movant seeks intermediate relief that is beyond the claims in the complaint. *Means v. Lambert*, 2008 WL 483606, at *1 (W.D. Okla. Feb. 20, 2008); *see also Penn v. San Juan Hosp., Inc.*, 528 F.2d 1181, 1185 (10th Cir. 1975) (stating that the moving party must present "clear proof that he will probably prevail when the merits are tried, so to this extent there is a relation between temporary and permanent relief.").

## III. ANALYSIS

In the amended complaint, plaintiff seeks a system-wide injunction requiring Williams to develop a policy to classify violent and vulnerable inmates and house them separately. Docket No. 19 at 23. His motion for a preliminary injunction seeks to prevent CDOC from transferring him out of the RTP, a "typically non-violent" facility,

5

during this case. Docket No. 26 at 1; Docket No. 19 at 10. The relief plaintiff seeks in his motion for preliminary injunction is not "of the same character as that which may be granted finally." *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945). Plaintiff states that he is "reasonably safe" at the RTP, but will be subject to harm if he is transferred out of the RTP. Docket No. 26 at 17. Granting plaintiff's preliminary injunction to prevent his transfer out of the RTP would not be an intermediate version of the final relief sought of a system-wide policy to separate violent and vulnerable inmates. *See De Beers*, 325 U.S. at 212.

In *Hicks v. Jones*, 2008 WL 4489930, at *1 (E.D. Okla. Sept. 29, 2008), the plaintiff sought monetary and injunctive relief[3] against prison officials for violations of the Eighth Amendment. Plaintiff alleged that the defendants were deliberately indifferent in failing to protect him from his cellmate and filed a motion for a preliminary injunction to prevent officials from transferring him out of protective custody. *Id.* at *4. The district court found that the requested injunctive relief would not be "of the same character" as what could be granted as final relief. *Id.* (citing *De Beers*, 325 U.S. at 212). The court stated that, because the complaint brought claims for deliberate indifference due to failure to protect plaintiff, and his motion was to require officials to keep him in protective custody, the relief sought was beyond the scope of the complaint. *Id.* Although the complaint and preliminary injunction both arguably related to the plaintiff's alleged mistreatment at the prison, on appeal, the Tenth Circuit upheld

---

[3] The complaint sought an injunction to require all protective custody inmates to be single-celled for their own safety. *Hicks v. Jones*, No. 07-cv-00278, Docket No. 1 at 13 (E.D. Okla.).

the district court's determination that the preliminary injunction "bore no relation to the merits of the deliberate indifference claim." *Hicks v. Jones*, 332 F. App'x 505, 508 (10th Cir. 2009) (unpublished).

Similar to *Hicks*, plaintiff here brings an Eighth Amendment claim due to unsafe living conditions and seeks an injunction to prevent his transfer from a safer environment. *See* Docket 19 at 4; Docket No. 26 at 1. However, when a court has no authority to grant the requested relief, even if the plaintiff prevailed on the merits, the requested injunction is not an intermediate version of the final relief. *See Stouffer v. Eulberg*, 2010 WL 567998, at *2 (W.D. Okla. Feb. 11, 2010) (finding preliminary injunction not an interim version of final relief when plaintiff's success on the merits of his claims would not allow the court to grant the relief requested in the preliminary injunction). Plaintiff has cited no authority enabling the Court to enjoin defendants from following its transfer practices. As a result, the Court finds that plaintiff's motion for a preliminary injunction is not of the same character as the relief sought in the complaint and is not an intermediate form of such relief.

A plaintiff "cannot demonstrate a likelihood of success on the merits – as required for the issuance of a temporary restraining order or a preliminary injunction – where the merits claims are unrelated to the relief sought in the injunctive relief motion." *Lystn, LLC v. Food & Drug Admin.*, No. 19-cv-01943-PAB-KLM, 2019 WL 6038072, at *2 (D. Colo. Nov. 14, 2019). The amended complaint does not seek to prevent plaintiff's transfer out of the RTP at CCF or require CDOC to place him in protective

7

custody.  *See* Docket No. 19 at 23.  As a result, his motion for a preliminary injunction will be denied.

## IV.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that plaintiff's Motion for Preliminary Injunction [Docket No. 26] is **DENIED**.  It is further

**ORDERED** that plaintiff's Order to Show Cause Why This Preliminary Injunction Should Not Issue [Docket No. 27] is **DENIED AS MOOT**.

DATED February 1, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge